UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS A. BAYNE, JR. | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:25-cv-00404-JAW |
| | ) | |
| LISBON POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Respondents | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF PETITION**

Petitioner, who is in state custody at the Cumberland County Jail, seeks habeas relief in accordance with 28 U.S.C. § 2241. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a habeas petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . ."). Although Petitioner asserts his claim pursuant to § 2241, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v.*

*Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

A preliminary review of the petition, therefore, is appropriate.[1] After review of the petition, I recommend the Court dismiss the matter.

## DISCUSSION

Under the general statute codifying the writ of habeas corpus, § 2241, relief extends to a petitioner who "is in custody in violation of the Constitution or laws or treaties of the United States." Although Petitioner included allegations about other incidents and alleged constitutional violations, which the Court has addressed in other cases,[2] the only alleged constitutional issue that could arguably support the relief requested—immediate release— is Petitioner's claim that he is being held in state custody without a hearing.

---

[1] 28 U.S.C. § 2243 also supports a preliminary review. Section 2243 provides in pertinent part: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue and order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*." (emphasis added).

[2] Petitioner titled his pleading as a petition for habeas corpus. The only relief he seeks in this case is release from custody, not compensatory damages. Petitioner previously filed a habeas petition with this Court seeking release from custody in Missouri, *see* 2:25-cv-00305-JAW, and he has also filed two other federal lawsuits with this Court in this year in which he titled his pleadings complaints, cited § 1983, and sought damages, *see* 2:25-cv-00047-SDN and 2:25-cv-00421-JAW. I conclude, therefore, that Petitioner's decision to proceed under § 2241 rather than § 1983 was informed and intentional, even though Petitioner included allegations about prior incidents and other constitutional rights and potential claims. For that reason, I have addressed Petitioner's pleading as a habeas petition and not as a § 1983 complaint. However, even if the Court were to construe the filings in this case as an attempt to assert § 1983 claims, the claims would fail because they are essentially the same as those dismissed in his prior case. Petitioner is precluded from raising the same claims again, and even if preclusion did not apply, dismissal would still be appropriate for essentially the reasons discussed in the other cases.

A review of the petition and related filings[3] reveals that officers working with the Lisbon Police Department arrested Petitioner in February 2025 because he was intoxicated and igniting fireworks. Petitioner denies the officers' contentions.  While released on bail, Petitioner went to Kansas City, Missouri for work and medical treatment.  In April 2025, Petitioner was arrested in Kansas City on a warrant for violating the conditions of release, which warrant was issued out of Androscoggin County.  Petitioner remained in jail in Missouri for approximately three months before he was released and he returned to Maine.

In late July 2025, a warrant was issued for Petitioner's arrest. He was arrested on July 28. Petitioner filed this federal habeas petition on August 6, 2025, alleging that he had been in custody for more than seven days without being brought before a judge for a hearing.

The docket in the state criminal proceeding referenced in Petitioner's filings, *State v. Bayne*, No. ANDCD-CR-2025-00447 (Androscoggin Cty.), reflects that Petitioner was taken into custody on July 28, 2025, pursuant to a warrant on the State's motion to revoke Petitioner's bail, and that on August 15, 2025, Petitioner made an appearance in state court on the matter with appointed counsel.  Further proceedings have been scheduled.

The jurisdictional "in custody" requirement of the habeas statute is satisfied here because Petitioner was in jail at the time he filed the § 2241 petition. *See Spencer v. Kemna*,

---

[3] Petitioner filed a related complaint captioned *Bayne v. Cumberland County Sheriff*, No. 2:25-cv-421-JAW.  The state court matter to which Petitioner refers in his filings is captioned *State v. Bayne*, No. ANDCD-CR-2025-00447.  I take judicial notice of the filings in the related matters. *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

3

523 U.S. 1, 7 (1998) ("[The petitioner] was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires"). A habeas petition, however, can fail due to mootness despite satisfying the custody requirement because the Article III case or controversy requirement "subsists through all stages of federal judicial proceedings . . . ." *Id.*

A pending petition does not necessarily become moot even when a prisoner is unconditionally released from physical confinement because the "collateral consequences" of the challenged legal proceedings can suffice to prevent a habeas case from becoming moot. *Id.*; *see also*, *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) (relying on the prolonged consequences of a criminal conviction even after release to avoid mootness). In this case, however, Petitioner only challenges the delay between his arrest and an initial hearing. There are no apparent collateral consequences from the alleged time from arrest to initial appearance. The petition, therefore, is moot, and dismissal is warranted.

Even if the petition is not moot, the claim still fails. Petitioner contends that his detention is unlawful because he should have been provided a hearing within forty-eight hours. The Fourth Amendment and Due Process Clauses require "a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975) (footnote omitted). When an arrest occurs without a warrant, a hearing resulting in a "judicial determination[ ] of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement," *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991), but

"a person arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not constitutionally entitled to a separate judicial determination" after arrest. *Baker v. McCollan*, 443 U.S. 137, 143 (1979).  Because Petitioner was taken into custody pursuant to an arrest warrant, the failure to hold a probable cause hearing within forty-eight hours did not violate his constitutional rights.

Even after a determination of probable cause, an arrestee "could not be detained indefinitely" without further hearings, including the initial appearance, "even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment."  *Id.*  Although many states have adopted more rigid deadlines, a federal constitutional violation only occurs if the delay shocks the conscience or offends another guarantee, such as the right to a speedy trial.  See *Cordova v. City of Albuquerque*, No. 11-CV-806-GBW/ACT, 2013 WL 12040728, at *5 (D.N.M. Dec. 19, 2013).

Courts have generally rejected federal constitutional claims like Petitioner's unless the delay was longer than the two to three weeks involved in this case.  *Id.* (collecting cases); s*ee also*, *United States v. Jones*, 70 F.4th 1109, 1113 (8th Cir. 2023) (finding no violation despite thirty-seven-day delay without evidence of a pattern); *Jauch v. Choctaw County*, 874 F.3d 425, 435 (5th Cir. 2017) (finding substantive due process violation after ninety-six days without a hearing); *Hayes v. Faulkner County, Arkansas*, 388 F.3d 669, 675 (8th Cir. 2004) (finding a violation after thirty-eight-day delay); *Armstrong v. Squadrito*, 152 F.3d 564, 576 (7th Cir. 1998) (finding substantive due process violation after a delay of fifty-seven days).

Although one court found that an eighteen-day delay between arrest and initial appearance constituted a substantive due process violation, *see Coleman v. Frantz*, 754 F.2d 719 (7th Cir. 1985), more recently, courts have found no violation when the delay was eighteen days or longer than eighteen days. *See Diaz v. Wright*, No. CV 14-922 JCH/LAM, 2016 WL 10588098, at *17 (D. N.M. Mar. 22, 2016) (finding no violation after eighteen-day delay); *Cordova*, 2013 WL 12040728, at *5 (finding no violation based on period of twenty days without a hearing); *Jones*, 70 F.4th at 1113.

In assessing whether the facts would support the finding of a substantive due process violation, courts consider the "totality of the circumstances" to determine whether the delay "shocks the conscience." *Jones*, 70 F.4th at 1112. Here, a delay of approximately eighteen days between arrest and initial appearance on an alleged bail violation in an existing matter in which Petitioner has counsel to consult and advise him does not satisfy the high standard—shock the conscience—required to establish a substantive due process claim. Because Petitioner has not alleged facts that would support the finding of a constitutional violation, Petitioner is not entitled to habeas relief.

## CONCLUSION

Based on the foregoing analysis, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition. I also recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 5th day of September, 2025.